IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NNAMDI ASOGWA,<br><br>    Plaintiff,<br><br>v.<br><br>PANH EMP, LLC,<br><br>    Defendant. | Case No. __2:21-cv-253__<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

AND NOW comes the Plaintiff, NNAMDI ASOGWA, by and through his attorney, Sean L. Ruppert, Esq., and files this Complaint alleging as follows:

### I. Nature of the Action

1.  Plaintiff brings this Complaint to recover damages under Section 1981 of the Civil Rights Act of 1866 ("§ 1981"), 42 U.S.C. § 1981 *et seq*, and Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C. §2000e *et seq*. Plaintiff alleges he was demoted, and subsequently terminated, on the basis of his race, and in retaliation for engaging in a protected activity.

### II. Jurisdiction and Venue

2.  This action arises under § 1981 and Title VII. This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1331.

3.  The Defendant has a regular place of business in the Western District of Pennsylvania, and a substantial part of the events or omissions giving rise to the claims occurred in the Western District of Pennsylvania. Therefore, this action is within the jurisdiction of this Court, and the venue is proper pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") regarding his allegations under Title VII on March 6, 2020 under charge number 533-2020-01170. *See Exhibit 1*.

5. Plaintiff was mailed Notice of Right to Sue from the EEOC on February 19, 2020. The Complaint has been filed within ninety (90) days of the Plaintiff's receipt, this making this action timely. *See Exhibit 2*.

### III. Parties

6. Plaintiff, NNAMDI ASOGWA, ("Plaintiff"), is an adult individual with a primary residence located at 1741 Parkline Dr., Apt. 20, Pittsburgh, PA 15227.

7. Defendant, PANH EMP, LLC ("Defendant") is an Ohio limited liability company doing business as "Baldwin Health Center" and "CommuniCare" with a regular place of business located at 1717 Skyline Drive, Pittsburgh, PA 15227.

### IV. Facts

8. Plaintiff began working for Defendant in March of 2017 as a Certified Nursing Assistant at the Baldwin Health Center, which is owned and operated by the Defendant.

9. The Baldwin Health Center is a skilled nursing home that provides both short- and long-term care and recovery services to senior citizens.

10. Plaintiff is an African-American male.

11. On or around June of 2018, Plaintiff was promoted from Certified Nursing Assistant ("CNA") to the position of Administrative Supervisor. As an Administrative Supervisor, Plaintiff provided direct care to patients, and also helped supervise and schedule the other CNAs employed by the Defendant.

12. In addition to the change in title, this promotion can with an increase in pay.

13. Throughout his tenure with the Defendant, Mr. Asogwa was one of only two African American working in Administration at the Baldwin Health Center. He was the only African American working in Administration throughout the vast majority of his tenure, including at the time of his separation.

14. Between June of 2018 and June of 2019, Plaintiff worked in excess of 4,000 hours of overtime. He averaged roughly 115 hours per week.

15. Even with the amount of time he spent on duty, Plaintiff still went above and beyond to ensure the quality of care for Defendant's patients. He regularly gave his personal cell phone number to patients and his fellow employees so they could contact him if they needed assistance on his days off.

16. Plaintiff's efforts and dedication were noted in his 2019 review, in which he was promised a four percent (4%) raise to reward his performance.

17. Defendant gives a standard two percent (2%) raise annually to those employees meeting performance standards. Plaintiff was told he would be receiving a four percent (4%) raise, however, because of his extra efforts.

18. Throughout his tenure with Defendant, Plaintiff repeatedly expressed interest in enrolling in the state's Administrator in Training program, run by the State Board of Examiners of Nursing Home Administrators. The program requires that each applicant be supervised by a licensed Administrator.

19. Despite his repeated inquires, and excellent job performance, the Defendant brushed aside his requests to participate in the AIT program, which would further his career.

20. During Plaintiff's tenure, the Defendant sponsored, through its agents, Caucasian individuals to the AIT program. Upon information and belief, those individuals were less qualified for the AIT program than Plaintiff.

21. In June of 2019, Defendant hired a new Administrator, Cassie Betzler, to run the facility where Plaintiff worked.

22. Ms. Betzler allowed Plaintiff to receive the standard two percent (2%) raise, but denied the additional merit-based raise that Plaintiff had been told he would receive.

23. Less than a month after her hiring, Ms. Betzler stripped Plaintiff of most of his administrative and supervisory duties.

24. A short time later, the remainder of his administrative duties were transferred to a Caucasian employee returning from leave.

25. Plaintiff was effectively demoted into a position where overtime was no longer a possibility. The effect was a reduction of approximately fifty percent (50%) in his earnings.

26. On September 27, 2019, Plaintiff sent an email with the subject line "Formal Complaint – Legal" to Andrea Fields, Division Director of Human Resources for Defendant, with a "cc" to Jennifer Eiswerth, the Regional Director of Operations for the Defendant. *See Exhibit 3*.

27. The email opens with a request that the communication "be forwarded to Communicare's Legal Department, as this is a formal (and potentially legal) complaint." *Id.*

28. The email goes on to state that:

> "At the advice of legal counsel, I am writing to you as an employee of Communicare to address my complaints below. These complaints are a toxic combination of sheer injustice and bad labor practices, facilitated by a prejudiced/biased HR Manager. I cannot begin to explain the injustice that I have suffered at the hands of my employer. And as a result, I am seeking redress to these injustices and malpractices." *Id.*

29. On October 25, 2019, Plaintiff sent a formal complaint and confidential settlement demand to Defendant, via counsel. *See Exhibit 4*.

30. The complaint/demand was sent via certified mail, and received by the Defendant on October 29, 2019. *See Exhibit 5*.

31. Only a few days later after receiving the complaint/demand described in the preceding paragraphs, Defendant informed Plaintiff he was being terminated because his "position was being eliminated."

## COUNT I
### Wrongful Termination in Violation of §1981

32. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

33. In order to establish a prima facie claim of unlawful discrimination under §1981, a Plaintiff must show that:

   1) [h]e is a member of a protected class;
   2) [h]e was qualified for the position he sought to attain or retain;
   3) [h]e suffered an adverse employment action; and
   4) the action occurred under circumstances that could give rise to an inference of intentional discrimination."

34. Plaintiff is an African American, and alleges discrimination on the basis of his being African American. Plaintiff is therefore a member of a protected class.

35. Plaintiff was qualified to retain his position, as he had worked for more than two (2) years with positive reviews (both formal and informal) from Defendant and its patients.

36. Plaintiff suffered an adverse employment action, in that he was 1) demoted, 2) had his hours cut, and 3) terminated from his position.

37. The circumstances give rise to an inference of intentional discrimination in that Plaintiff was the only African American in his position at the time of his termination, and all of his duties and responsibilities were shifted to Caucasian individuals.

38. Plaintiff has suffered actual harm as a result of the Defendant's acts and omissions, including lost wages, lost opportunities, and emotional distress.

39. Defendant's actions were oppressive, malicious, grossly negligent, and exhibited a reckless, willful, and wanton disregard for the civil rights of the Plaintiff.

WHEREFORE, Plaintiff hereby requests that this Court enter judgment in his favor, and against the Defendant, and award all damages available, at law and in equity, including, but not limited to: 1) back pay, 2) front pay, 3) compensatory damages, 4) punitive damages, 5) prejudgment and continuing interest, 5) reasonable attorney's fees, and 6) any other relief which this court deems necessary and proper.

## COUNT II
### Retaliatory Discharge in Violation of §1981

40. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

41. In order to prevail on an action alleging retaliation under Section 1981, a plaintiff must establish (1) that he engaged in a protected activity; (2) that he suffered an adverse employment action; and (3) that there was a causal connection between the protected activity and the adverse employment action. *Cardenas v. Massey*, 269 F.3d 251, 263 (3d Cir. 2001).

42. Plaintiff engaged in a protected activity when he sent the September 27, 2019 email to Ms. Fields and Ms. Eiswerth complaining of prejudice and bias.

43. Plaintiff engaged in a protected activity when he delivered a demand letter, via counsel, to Defendant on October 25, 2019, complaining of racial discrimination.

44.     Plaintiff suffered an adverse employment action when he was terminated from his employment less than one (1) week after Defendant received the October 25, 2019 demand letter, and roughly a month after his September 27, 2019 complaint email.

45.     The timing of Plaintiff's termination in relation to his engaging in a protected activity is highly suggestive of retaliation.

46.     Defendant's actions were oppressive, malicious, grossly negligent, and exhibited a reckless, willful, and wanton disregard for the civil rights of the Plaintiff.

WHEREFORE, Plaintiff hereby requests that this Court enter judgment in his favor, and against the Defendant, and award all damages available, at law and in equity, including, but not limited to: 1) back pay, 2) front pay, 3) compensatory damages, 4) punitive damages, 5) prejudgment and continuing interest, 5) reasonable attorney's fees, and 6) any other relief which this court deems necessary and proper.

## COUNT III
### Wrongful Termination in Violation of Title VII

47.     The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

48.     It is an unlawful employment practice to:

1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
2) limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin. *42 U.S.C. §2000e-2(a)(1)-(2).*

49.     In order to establish a prima facie claim of unlaw discrimination under Title VII, a Plaintiff must show that:

1) [h]e is a member of a protected class;
2) [h]e was qualified for the position he sought to attain or retain;
3) [h]e suffered an adverse employment action; and
4) the action occurred under circumstances that could give rise to an inference of intentional discrimination." *Trapani v. Greatwide Logistics Services, LLC*, 487 Fed. Appx. 21, 23–24 (3d Cir. 2012) (unpublished) (citing *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir.2008).

50. Plaintiff is an African American, and alleges discrimination on the basis of his being African American. Plaintiff is therefore a member of a protected class.

51. Plaintiff was qualified to retain his position, as he had worked for more than two (2) years with positive reviews (both formal and informal) from Defendant and its patients.

52. Plaintiff suffered an adverse employment action, in that he was 1) demoted, 2) had his hours cut, and 3) terminated from his position.

53. The circumstances give rise to an inference of intentional discrimination in that Plaintiff was the only African American in his position, and all of his duties and responsibilities were shifted to Caucasian individuals.

54. Plaintiff has suffered actual harm as a result of the Defendant's acts and omissions, including lost wages, lost opportunities, and emotional distress.

55. Defendant's actions were oppressive, malicious, grossly negligent, and exhibited a reckless, willful, and wanton disregard for the civil rights of the Plaintiff.

WHEREFORE, Plaintiff hereby requests that this Court enter judgment in his favor, and against the Defendant, and award all damages available, at law and in equity, including, but not limited to: 1) back pay, 2) front pay, 3) compensatory damages, 4) punitive damages, 5) prejudgment and continuing interest, 5) reasonable attorney's fees, and 6) any other relief which this court deems necessary and proper.

## COUNT IV
### Deprivation of Employment Opportunity in Violation of Title VII

56. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

57. It is an unlawful employment practice to:

   1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
   2) limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin. *42 U.S.C. §2000e-2(a)(1)-(2).*

58. In order to establish a prima facie claim of unlaw discrimination under Title VII, a Plaintiff must show that:

   1) [h]e is a member of a protected class;
   2) [h]e was qualified for the position he sought to attain or retain;
   3) [h]e suffered an adverse employment action; and
   4) the action occurred under circumstances that could give rise to an inference of intentional discrimination." *Trapani v. Greatwide Logistics Services, LLC*, 487 Fed. Appx. 21, 23–24 (3d Cir. 2012) (unpublished) (citing *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir.2008).

59. Plaintiff is an African American, and alleges discrimination on the basis of his being African American. Plaintiff is therefore a member of a protected class.

60. Plaintiff was qualified for sponsorship to the AIT program, which would have greatly advanced his career, in that he had worked more than nine thousand (9,000) hours in a nursing home over the course of more than two (2) years.

61. Plaintiff suffered an adverse employment action, in that he was denied supervision for the AIT program by the Defendant.

62. The circumstances give rise to an inference of intentional discrimination, in that Defendant, through its agents, granted the request of a similarly situated Caucasian employee for supervision which allowed her to enter the AIT program.

63. Plaintiff has suffered actual harm as a result of the Defendant's acts and omissions, including lost wages, lost opportunities, and emotional distress.

64. Defendant's actions were oppressive, malicious, grossly negligent, and exhibited a reckless, willful, and wanton disregard for the civil rights of the Plaintiff.

WHEREFORE, Plaintiff hereby requests that this Court enter judgment in his favor, and against the Defendant, and award all damages available, at law and in equity, including, but not limited to: 1) back pay, 2) front pay, 3) compensatory damages, 4) punitive damages, 5) prejudgment and continuing interest, 5) reasonable attorney's fees, and 6) any other relief which this court deems necessary and proper

## COUNT V
### Retaliatory Discharge in Violation of Title VII

65. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

66. It is an unlawful employment practice to discriminate against an employee because "he has opposed any practice made an unlawful employment practice by this subchapter." *42 U.S.C. §2000e-3(a)*.

67. To establish a prima facie case of retaliation, a plaintiff must show "1) that she engaged in protected activity, 2) that the employer took adverse action against her, and 3) that a causal link exists between the protected activity and the employer's adverse action." *Kachmar v. Sungard Data Sys., Inc.* 109 F.3d 173, 177 (3d Cir. 1997).

68. Plaintiff engaged in a protected activity when he sent the September 27, 2019 email to Ms. Fields and Ms. Eiswerth complaining of prejudice and bias.

69. Plaintiff engaged in a protected activity when he delivered a demand letter, via counsel, to Defendant on October 25, 2019, complaining of racial discrimination.

70. Plaintiff suffered an adverse employment action when he was terminated from his employment less than one (1) week after Defendant received the October 25, 2019 demand letter, and roughly a month after his September 27, 2019 complaint email.

71. The timing of Plaintiff's termination in relation to his engaging in a protected activity is highly suggestive of retaliation.

72. Defendant's actions were oppressive, malicious, grossly negligent, and exhibited a reckless, willful, and wanton disregard for the civil rights of the Plaintiff.

WHEREFORE, Plaintiff hereby requests that this Court enter judgment in his favor, and against the Defendant, and award all damages available, at law and in equity, including, but not limited to: 1) back pay, 2) front pay, 3) compensatory damages, 4) punitive damages, 5) prejudgment and continuing interest, 5) reasonable attorney's fees, and 6) any other relief which this court deems necessary and proper

Respectfully Submitted,

*/s/ Sean L. Ruppert*
Sean L. Ruppert, Esq.
Pa. ID 314380

**RUPPERT LAW FIRM LLC**
111 Whitehead Ln., #400
Monroeville, PA 15146
P: (412) 203-5198
F: (412) 571-8825
Sean@RuppertLawFirm.com

## **VERIFICATION**

I hereby verify that the facts set forth in forgoing COMPLAINT are true and correct to the best of my knowledge and belief. I understand that if any of the forgoing statements are willfully false, I may be subject to the penalties for perjury under the laws of the United States of America.

_____
Nnamdi Asogwa


___02/22/2021_____
Dated